IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LEROY BOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:04cv654-T |
| INTERSTATE HOTELS & RESORTS, ) | WO |
| ) | |
| Defendant. ) | |

**ORDER**

**I.   INTRODUCTION**

Plaintiff Leroy Bond ("Bond"), a resident of Columbus, Georgia, brings this federal action pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging that his employer, Interstate Hotels and Resorts, doing business as the Columbus Airport Hampton Inn, discriminated against him on the basis of his race (African-American) and retaliated against him for filing a complaint with the Equal Opportunity Commission by denying him promotions and giving

a Caucasian employee a higher salary. The court has jurisdiction of these claims pursuant to 28 U.S.C. § 1331.

In his original complaint (doc. # 1), Bond alleged that the incident occurred at a Hampton Inn in Alabama.[1] However, during an April 11, 2005, status conference, plaintiff's counsel notified the court that she had been misinformed regarding the location of the incident and that the acts of discrimination and retaliation occurred at a Hampton Inn in Columbus, Georgia. (Doc. # 18.) The court granted Bond leave to file an amended complaint with the correct information. (*Id.*)

On April 19, 2005, Bond filed an amended complaint (doc. # 20) and a motion to change venue (doc. # 19). On April 21, 2005, this court ordered the defendant to show cause why the motion to change venue should not be granted. (Doc. #

---

1. Shortly after filing the original complaint, plaintiff's counsel withdrew from the case and Angela Hill, Esq., entered an appearance on Bond's behalf.

2

22.)[2]  On April 21, 2005, the defendant filed a motion to dismiss, or alternatively, a motion to transfer venue to the United States Court for the Middle District of Georgia. (Doc. # 23.)  Both parties assert that this court is not the proper venue because Bond is a resident of Columbus, Georgia, and the alleged incidents occurred at the Columbus Airport Hampton Inn.

Upon consideration of the parties' motions to transfer venue, the court concludes that the interest of justice requires that this case be transferred to the United States Court for the Middle District of Georgia.

## II.  DISCUSSION

The court has jurisdiction over this matter by virtue of 28 U.S.C. § 1331, federal question jurisdiction.  Venue, however, is not proper in this district.  Venue for civil

---

2. On April 22, 2005, the defendant filed a response (doc. # 25) in which it states it does not oppose plaintiff's motion to transfer.

actions alleging employment discrimination is governed by Title VII, which provides in part:

> "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

42 U.S.C. § 2000e-5(f)(3). This provision controls over the general venue provision, 28 U.S.C. § 1391(b). *See Kravec v. Chicago Pneumatic Tool Co.*, 579 F.Supp. 619, 622-23 (N.D.

4

Ga. 1983). In addition, when a plaintiff brings a Title VII action under both 42 U.S.C. §§ 1981 and 2000e-5, the narrower venue provision of § 2000e-5(f)(3) controls.[3]  *Id.* at 622 (holding that the more specific venue provisions of Title VII supersede other claims).

In this case, the alleged incidents of discrimination and retaliation occurred at the Columbus Airport Hampton Inn in Columbus, Georgia. In addition, the employment records relevant to Bond's case are maintained and administered in Columbus, Georgia. Venue is therefore proper in any of the judicial districts of the State of Georgia.[4] It is clear,

---

3. In addition to asserting Title VII and § 1981 claims, Bond also asserts that his claims are brought pursuant to 42 U.S.C. § 1983. However, section 1983 is not applicable in this case because the defendant is not a state actor.

4. Another possible venue is the district in which the defendant has his principal office. In this case, the defendant's principal place of business is in the Eastern District of Virginia. This provision is only applicable when the defendant cannot be found in any of the other judicial districts. Because there is no such allegation in this case, the court will not address this possibility.

therefore, that venue is not proper in the Middle District of Alabama.

The defendant argues that this court should dismiss this action because venue is improper. In the alternative, the defendant argues that this case should be transferred to the Middle District of Georgia, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, § 1404(a) presupposes that venue is proper in the district where the suit is originally filed. 15 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 3842. Because the court has concluded that venue is improper in this district, the court may not transfer this case pursuant to 28 U.S.C. § 1404(a).

Nonetheless, transfer of this case is proper pursuant to 28 U.S.C. § 1406(a), which provides:

6

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In this case, there is no question that venue would be proper in the Middle District of Georgia. As previously noted, all the allegedly discriminatory and retaliatory actions occurred at the Columbus Airport Hotel which is located in Columbus, Georgia. The majority of witnesses and employment records are also located in Georgia. Columbus is located within the jurisdiction of the United States District Court for the Middle District of Georgia. Furthermore, the parties agree that the Middle District of Georgia is the more appropriate venue. Therefore, the court concludes that this case is due to be transferred to the Middle District of Georgia.

**III. CONCLUSION**

Accordingly, it is ORDERED that, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1406(a), this case be and is hereby TRANSFERRED to the United States Court for the Middle District of Georgia.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

DONE, this the 25th day of April, 2005.

                                            /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE